## THE PEOPLE v. KENT.

Where suits have been commenced before a magistrate against the drawers of prizes in a lottery, to forfeit the prizes drawn to the State, under the statute, a bill for an injunction against the owner of the lottery, to restrain him from disposing of the prizes until the decision of those suits, will properly lie in the District Court.

The prizes are forfeited as soon as drawn, and before they are delivered.

APPEAL from the District Court of the Fifth Judicial District, County of Tuolumne.

The plaintiff, by the District Attorney, filed a bill, the character of which is stated in the opinion of the Court, and praying for an injunction and for a final decree that defendant surrender the property to the State, if judgment should be obtained in favor of the people in the suits before the magistrate.

The defendant filed a demurrer, which was overruled, and decree entered against him, from which he appealed.

*Robinson, Beatty & Sackett* for Appellant.

*H. P. Barber* for Respondent.

The opinion of the Court was delivered by Mr. Chief Justice MURRAY. Mr. Justice HEYDENFELDT and Mr. Justice TERRY concurred.

This appeal is prosecuted from the judgment of the Court below, upon a demurrer to a bill filed to prevent the defendant from disposing of certain articles of property, set up in a lottery by him and drawn as prizes by various persons.

Suits had already been commenced before a magistrate of the county against the prize owners by fictitious names, (their real ones being unknown,) to forfeit the articles drawn by them to the State, under the provisions of an Act entitled "An Act to prohibit Lotteries," passed March 11, 1851, (Compiled Laws, 234,) the 4th section of which provides that "all sums of money and other valuable things drawn as a prize, or share of a prize, in a lottery, or device in the nature of a lottery, by any person being a resident or inhabitant of the State, and all money or other valuable things received by any person by reason of his being the owner of a ticket, etc., shall be forfeited to the State," etc.

The jurisdiction of the District Court as a Court of Equity in auxillary proceedings of this character, is too well established to be disputed, and the principle that a Court of Equity will interfere to protect the subject, pending the litigation, is equally familiar. That such power should exist and be exercised, is more imperative, when we take into consideration the fact that Magistrates' Courts cannot issue injunctions.

It is contended by the appellant, that the property was not forfeited until actually delivered, and that inasmuch as the ticket-holders could not have maintained an action for the articles drawn by them, by reason of the illegality as well as the immorality of the transaction—as the maxim, *in pari delicto potior est conditio possidentis,* would have applied—the State can have no higher claims against the defendants than they would have had. The State is not subrogated to the rights of the ticket-holders. The statute is carefully drawn, with the evident intention of meeting every ingenious device which may be resorted to, for the purpose of eluding its provisions. It provides for two cases : first, the drawing of a prize ; and second, the receiving a prize; in either of which the property is forfeited, and may be recovered by the State.

Drawing a prize, in common parlance, is the ascertainment, by chance

or otherwise, of who is entitled to a particular result, or a particular thing, by means of some pre-arranged mode of ascertaining the result, and as soon as the number, which entitles the ticket-holder to the money or article, is drawn from the wheel, or otherwise ascertained, the prize is said to be drawn; then the consequences of the law attach, and the property is forfeited; the drawing and receiving are independent acts.

It is no answer to say that the defendant is bound in common honesty and morality to return the money to the ticket-holders, and that the act thus forfeits his property, for which the statute makes no provision. There can scarcely be any obligation of honor or honesty moving between parties who contract, in the teeth of the statute prohibiting the act, and who must be supposed to have understood their exact relations to one another.

The objections to the decree are not well taken, particularly as it does not appear that the defendant asked leave to plead over, but suffered final judgment on demurrer to be entered against him.

Judgment affirmed, with costs.